USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/8/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

JOSUE PAGUADA, *Individually, and On Behalf of* :
*All Others Similarly Situated,* :
                                         :

                         Plaintiffs, :              1:22-cv-01093-GHW
                                           :
              -against- :                 ORDER
                                           :

KYMERA BODY BOARD LLC, :
                                           :

                         Defendant. :

---------------------------------------------------------------— X

GREGORY H. WOODS, United States District Judge:

        The Court has received a "Notice of Motion to Dismiss" from Adam Majewski, COO of Defendant Kymera Body Board LLC.  Dkt. No. 14.  Mr. Majewski requests that the Court allow Defendant to "represent itself for this Motion to Dismiss and if the motion is denied, adequate time for [Defendant's] financial situation to change affording the ability to retain counsel."  *Id.* at 1.  Mr. Majewski further states that Plaintiff has sued the wrong company.  *Id.* at 2.

        The Court denies Mr. Majewski's request that Defendant be allowed to represent itself in this matter.  "[A] corporation is not allowed to appear in federal court except by a licensed attorney[.]"  *See United States v. Twenty Miljam-350 IED Jammers*, 669 F.3d 78, 91 (2d Cir. 2011).  The Court has already instructed Defendant that it may not represent itself *pro se*.  *See* Dkt. No. 9 at 1 ("Defendant is reminded that it must hire legal counsel as Defendant may not represent itself *pro se* in this matter.").

        Defendant has had adequate time to locate counsel, and the Court has granted several extensions of deadlines in this matter.  Plaintiff filed this case in February 8, 2022, and Mr. Majewski represented that the Court became aware of this litigation prior to April 7, 2022.  Dkt. Nos. 1, 8.  On April 11, 2022, the Court extended the deadline to answer or otherwise respond to the complaint to June 6, 2022 and adjourned the initial pretrial conference to June 13, 2022.  Dkt. No. 9.

On May 13, 2022, the Court again adjourned the initial pretrial conference to July 13, 2022.  Dkt. No. 13.

The Court will hold the initial pretrial conference scheduled for July 13, 2022.  *See* Dkt. No. 13.  The conference will be conducted by telephone. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules. The joint letter and proposed case management plan, described in the Court's February 9, 2022 order, Dkt. No. 5, are due no later than July 6, 2022.  The parties are reminded that pursuant to the Court's February 9, 2022 mediation referral order, Dkt. No. 6, the parties are directed to complete mediation at least two weeks prior to the initial pretrial conference.

With respect to Mr. Majewski's claim that Plaintiff has incorrectly named Defendant in its complaint, the Court notes that when deciding a motion to dismiss under Rule 12(b)(6), courts accept as true the facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 14.  Plaintiff is directed to serve a copy of this order on Defendant by email.

SO ORDERED.

Dated: June 8, 2022
      New York, New York

_____
GREGORY H. WOODS
United States District Judge

2